WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Lynn Schwab,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>　　　　　Defendant. | No. CV-15-01081-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Carolyn W. Colvin's Motion to Amend/Correct, (Doc. 19), the Court's August 8, 2016, Order reversing the decision of the Administrative Law Judge ("ALJ") and remanding for further proceedings. (Doc. 17). Having considered the parties' filings, the Court now rules on the motion.

**I.**

For purposes of adjudicating Defendant's motion, the Court need not set forth the factual background underlying this matter. Interested parties may obtain a full recitation of the facts in the Court's August 8, 2016, Order. (Doc. 17 at 1-4). It is sufficient to note that the Court's at-issue Order reversed the ALJ's decision denying Plaintiff Kimberly Schwab's application for Social Security disability benefits and remanded for further proceedings. (*Id.* at 28). The Court's Order affirmed the ALJ's decision on all issues raised in the appeal, save for her finding that gave "no weight" to the opinion of Dr. Shannon Tromp, a treating physician for Plaintiff's mental and psychological afflictions.

(*Id.* at 23-26). With respect to Dr. Tromp's opinion, the Court found that the ALJ erred by focusing extensively on the fact that Dr. Tromp's medical diagnosis was obtained through attorney referral in "an effort to generate evidence for the current appeal." (*Id.* at 24-25). Finding this error harmful, but also concluding that the record suggested there was "serious doubt" as to whether Plaintiff was disabled, the Court remanded the claim for further proceedings. (*Id.* at 27).

Defendant filed the pending motion on August 16, 2016, and it has been fully briefed. (Docs. 19, 20, 21).

**II.**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)) (noting that a Rule 59(e) motion may be granted where "the district court committed clear error or made an initial decision that was manifestly unjust"). And "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (citation omitted) (emphasis in original).

**III.**

Defendant's motion rests on the argument that the Court clearly erred in reversing the ALJ's decision on the grounds that the ALJ erred in giving treating physician Dr. Tromp's medical opinion "no weight." "Clear error occurs when 'the reviewing court on

the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Defendant takes exception to this Court's finding that the ALJ's decision to discount Dr. Tromp's opinion was overly reliant on the fact that the opinion was obtained through attorney referral and submitted in an attempt to generate evidence in support of a disability finding.

The main thrust of Defendant's argument is that while the ALJ did rely on the fact that Dr. Tromp's opinion was obtained via attorney solicitation and used to support Plaintiff's claim, in the context of the ALJ's determination, reliance on this factor was not error. Specifically, Defendant's argument is two-fold: (1) the Court did not account for the ALJ's reasoning as a whole; and (2) the ALJ provided a second specific and legitimate reason for discounting the opinion. Thus, the Court's August 8, 2016, Order is internally inconsistent, and would require the ALJ to recite particular "magic words" in her determination to avoid reversal, which is contrary to Ninth Circuit case law. (Doc. 19 at 2-4).

The Court finds that these bases for reconsideration amount to an invitation to reconsider an argument previously raised by Defendant and to rethink what the Court has already thought through. In its opposition, Defendant acknowledged that "it was error to discount [Dr. Tromp's] opinion because it was performed at the request of Plaintiff's counsel." (Doc. 16 at 16 n.2). Defendant further asserted that it was not a harmful error because the ALJ also relied on "two other proper reasons for discounting the opinion," focusing on the ALJ's reasoning as a whole. (*Id.*). In its August 17, 2016, Order reversing the determination of the ALJ, the Court gave due consideration to Defendant's argument, the rationale set forth by the ALJ in support of her determination—including the specific language utilized—and the context in which it was delivered. (Doc. 17 at 23-26). Defendant now asks the Court to effectively re-analyze both the ALJ's language and the other factors purportedly relied on and arrive at an antithetical finding. "Rule 59 motions cannot be used to ask the Court 'to rethink what the court has already thought through,'"

merely because a [party] disagrees with the Court's decision." *Stejic v. Aurora Loan Servs., L.C.C.*, CV 10-1547-PHX-JAT, 2012 U.S. Dist. LEXIS 37134, at *11 (D. Ariz. March 20, 2012) (quoting *U.S. v. Bus. Recovery Servs., LLC*, No. CV 11-390-PHX-JAT, 2011 U.S. Dist. LEXIS 119973 (D. Ariz. Oct. 17, 2011)); *see also Kentera v. Fremont Inv. & Loan*, No. CV-10-8259-PCT-GMS, 2012 U.S. Dist. LEXIS 58258, at *6 (D. Ariz. April 26, 2012) (citation omitted). Such a disagreement "should be dealt with in the normal appellate process." *Stejic*, 2012 U.S. Dist. LEXIS 37134, at *11 (citation omitted). In light of the fact that the Court has already given full consideration to both the plain language of the ALJ's determination and Defendant's arguments, the Court is not persuaded that reconsideration under Rule 59(e) is appropriate.[1]

In the alternative, Defendant argues that even assuming it was error for the ALJ to consider the fact that Dr. Tromp's opinion was solicited by Plaintiff's legal representation, it does not amount to harmful error, and the ALJ's determination should be affirmed. (Doc. 19 at 5-6). Defendant asserts that because the ALJ in the instant action provided a second, valid reason for rejecting Dr. Tromp's medical opinion, under *Valentine v. Comm'r SSA*, 574 F.3d 685, 695 (9th Cir. 2009), *DeBerry v. Comm'r of SSA*, 352 Fed. Appx. 173, 177 (9th Cir. 2009), and *Howell v. Comm'r of Soc. Sec.*, 349 Fed. Appx. 181, 185 (9th Cir. 2009), her error was harmless, and the Court should amend the August 8 Order. In *Valentine*, the case principally relied on by Defendant, the Ninth Circuit reviewed a decision by the ALJ in which the ALJ rejected a disability determination proffered by the Department of Veterans' Affairs ("VA"). 574 F.3d at 695.

---

[1] The Court also notes that its initial finding that the ALJ erred in rejecting Dr. Tromp's opinion was based on the "assum[ption]" that "Dr. Jasinksi's opinion constituted substantial evidence contradicting Dr. Tromp's conclusion that Plaintiff's mental impairment was disabling," thus triggering the lower "specific and legitimate reasons" standard. (Doc. 17 at 24). The Court made no finding as to Dr. Jasinksi's opinion. Any consideration of the substance of Defendant's arguments would require a separate analysis as to whether Dr. Jasinksi's opinion indeed constituted substantial evidence contradicting Dr. Tromp. If it did not, the Court would be required to analyze the ALJ's rejection of Dr. Tromp's opinion under the more demanding "clear and convincing standard." *See Orn v. Astrue*, 495 F.3d 625, 631-34 (9th Cir. 2007).

The ALJ rejected this determination on two grounds, finding that the disability inquiry for the VA differed from that of the Social Security Administration ("SSA")'s inquiry, and that the determination "was not based on a comprehensive evaluation of the evidence available to her." *Id.* The Ninth Circuit held that while the ALJ erred in basing her rejection of the disability determination on the incorrect grounds that the VA's and the SSA's inquiries differed,[2] the ALJ also relied of a second, specific and legitimate reason supported by substantial evidence. *Id.* Thus, even accounting for the error, the ALJ's decision was affirmed.

Having considered Defendant's alternative argument, the Court finds that it is the flip side of the same coin when considered with the principal argument. Initially, Defendant asserted that the Court failed to consider the entire context of the ALJ's reasoning, which relied on a second, legitimate reason supported by substantial evidence, rendering reliance on the genesis of Dr. Tromp's medical opinion permissible. Defendant then argues that even if the ALJ erred in considering one particular factor, a second specific and legitimate reason was also cited, and that the decision should be affirmed. In essence, this is the same argument, framed differently. If the ALJ's purported reliance on an additional factor[3] was sufficient to render the error harmless, it would similarly be sufficient to render reliance of the origins of Dr. Tromp's opinion permissible.[4] The Court will not embark on a second analysis of what it has already considered under these circumstances. *Stejic*, 2012 U.S. Dist. LEXIS 37134, at *11 (citation omitted).

---

[2] The Ninth Circuit noted that prior precedent "explicitly relied on" "the marked similarity between the disability programs of the VA and the SSA." *Valentine*, 574 F.3d at 695 (citation omitted).

[3] The Court made no finding that the ALJ's reliance on the factor that Dr. Tromp's medical opinion was overly-reliant on Plaintiff's subjective self-reports was supported by substantial evidence.

[4] *See Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996) (the ALJ may question a doctor's credibility on the grounds that it was solicited by counsel, but may not rely on those facts as the sole basis for rejecting the opinion).

Finally, Defendant asserts that allowing the Order to stand will result in the claim for benefits being remanded to the ALJ so that she may "simply delete three sentences," a "manifestly unjust" result. (Doc. 19 at 7-8). The Court does not opine as to what measures are necessary to remedy the error that occurred, as such a determination falls within the province of the ALJ. Regardless of what steps prove necessary on remand, the Court does not find the correction of error to be a manifestly unjust result.

Having reviewed both Defendant's motion and the August 8, 2016, Order, the Court is cognizant of concerns raised by Defendant. But the Court is not "left with the definite and firm conviction that a mistake has been committed," *Smith*, 727 F.3d at 955 (citation omitted), requiring the "extraordinary remedy" of reconsideration under Rule 59(e) to rectify it. *Kona Enters.*, 229 F.3d at 890. The Court gave due consideration to Defendant's arguments in opposition to Plaintiff's appeal, and will not "rethink what has already been thought through." *Stejic*, 2012 U.S. Dist. LEXIS 37134, at *11 (citation omitted). Accordingly, Defendant's Motion to Alter/Amend the Judgment, (Doc. 19), will be denied.

## IV.

For the aforementioned reasons,

**IT IS ORDERED** that Defendant's Motion to Alter/Amend the Judgment, (Doc. 19), is **DENIED**.

Dated this 13th day of September, 2016.

James A. Teilborg
Senior United States District Judge