**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Lynn Schwab, | No. CV-15-01081-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W Colvin, | |
| Defendant. | |

Pending before the Court is Plaintiff's Attorney's motion for attorney fees under 42 U.S.C. § 406(b). (Doc. 27). The government filed a response offering an analysis to assist this Court. (Doc. 29). The Court now rules.

**I.   BACKGROUND**

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1). After the parties submitted briefing, (Docs. 11; 16), the Court entered an order reversing the ALJ's decision and remanding this matter for further administrative proceedings, and the Clerk of the Court entered judgment in this case, (Docs. 17; 18). On Plaintiff's motion, the Court awarded Plaintiff $7,402.30 in attorney fees under the Equal Access to Justice Act ("EAJA") (Docs. 23; 26). On remand, an ALJ issued a fully favorable disability decision, finding Plaintiff disabled as of May 17, 2011. (*See* Doc. 27-3 at 3). Thereafter, the Commissioner issued a Notice of Award indicating that Plaintiff's total past-due benefits amounted to $181,254.00 and stating that $18,923.75 had been withheld for payment of attorney fees.

1  (*See id.*) (stating that the Commissioner "usually withhold[s] 25 percent of past due
2  benefits," and had withheld $ 18,923.75).

3  Plaintiff's counsel now seeks a total fee award of $18,923.75, equal to 25% of
4  Plaintiff's past-due benefits.

## II.  DISCUSSION

A court entering judgment in favor of a social security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may take a downward departure from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the result achieved. *Gisbrecht*, 535 U.S. at 808. Courts may also consider the number of hours spent representing the claimant and the lawyer's normal hourly billing rate for non-contingent-fee cases, but this information does not control the reasonableness determination. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

1 | Applying the *Gisbrecht* factors, the fee requested is reasonable here. Plaintiff contracted to pay 25 percent of past-due benefits on a contingent fee basis for work performed by Plaintiff's counsel in this action. (Doc. 27-3 at 2). Plaintiff's counsel seeks $18,923.75, or 25% of the past-due amount awarded to Plaintiff. Counsel's itemization of services indicates 36.8 hours of services rendered. (Doc. 27-3 at 4). Based on the hours expended, Plaintiff's counsel's effective hourly rate for this work is $514.23. This amount is in line with effective hourly rates previously approved by the Ninth Circuit. *See Young v. Colvin*, No. CV–11–538–PHX–SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel. There is also no indication of substandard performance or undue delay in prosecuting Plaintiff's case. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $18,923.75 is reasonable, and will approve an award in this amount. Because "the claimant's attorney must refund to the claimant the amount of the smaller fee," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $7,402.30 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this order.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's Attorney's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 27) is GRANTED in the amount of $18,923.75.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $7,402.30.

Dated this 22nd day of August, 2023.

James A. Teilborg
Senior United States District Judge